IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Respondent,<br><br>  v.<br><br>URIEL MIRANDA-OREGEL,<br><br>      Movant. | CASE NO.  2:10-CR-00007 JAM KJN P<br><br>ORDER |

  The Court has reviewed the respondent's Motion for an Order Finding a Waiver of the Attorney-Client Privilege and Request for Discovery Pursuant to 28 U.S.C. § 2255, and has reviewed the specific claims of alleged ineffectiveness of former counsel, Clemente Jimenez, Esq., raised by movant Uriel Miranda-Oregel in his Motion to Vacate, Set Aside, or Correct his Sentence ("§ 2255 motion"), filed on December 10, 2012.

  After reviewing the filings, the authorities cited in respondent's motion, and relevant portions of the record in this case, the Court finds as follows:

  1. In order to resolve movant's claims of ineffectiveness of counsel alleged in the motion, the Court must determine whether Mr. Jimenez's assistance was reasonable considering all of the circumstances.  See Strickland v. Washington, 466 U.S. 668, 689 (1984).

  2. Movant has put the nature of his attorney-client relationship with Mr. Jimenez and its associated privileges at issue in these proceedings, as contemplated by Bittaker v. Woodford, 331 F.3d

1

1  715, 716 (9th Cir. 2003) (en banc), but "limited to what is necessary to allow the [respondent] to fairly
2  defend against such claim[s]."  Lambright v. Ryan, 698 F.3d 808, 813 (9th Cir. 2012).
3      3. Based on the present record, movant has waived his attorney-client privilege as to all
4  communications with Mr. Jimenez relating to the following topics:  (1) all plea offers and negotiations;
5  (2) consideration and declination of respondent's plea offer extended under the Fast-Track Immigration
6  Prosecution Program; (3) discussions of the option to plead guilty without a plea agreement prior to trial;
7  (4) movant's decision to proceed to trial; (5) movant's decision to plead guilty in the middle of trial, and
8  preparation for that change of plea proceeding; and (6) all aspects of sentencing including movant's
9  sentencing memorandum, preparation for the sentencing hearing, and defense statements at sentencing.
10 Respondent may move to expand the scope of the waiver if it has a basis to argue that the scope is
11 broader than first believed.
12     4. Rule 6 of the Rules Governing Section 2255 Proceedings authorizes the United States to
13 conduct discovery in order to respond to a motion made pursuant to 28 U.S.C. § 2255 if the Court finds
14 "good cause" to conduct such discovery.  See Rules 6(a)-(b) of the Rules Governing Section 2255
15 Proceedings.
16     5. The types of discovery authorized by Rule 6 include interrogatories, requests for admission,
17 requests for production of documents, and depositions.  See Rules 6(b) of the Rules Governing Section
18 2255 Proceedings.  However, respondent presently seeks discovery only in the form of a declaration of
19 Mr. Jimenez addressing the allegations in movant's § 2255 motion.  Respondent requests leave to make
20 further requests for discovery under Rule 6 after review of Mr. Jimenez's declaration.
21     6. Respondent has shown good cause to seek the requested discovery for the reasons stated in its
22 motion.  In essence, the factual information that respondent seeks from movant's former counsel is
23 relevant for a full evaluation of the factual assertions contained in the § 2255 motion
24     7. Movant may preserve the confidentiality of the privileged communications with Mr. Jimenez
25 by choosing to abandon his ineffective assistance of counsel claims.  Bittaker, 331 F.3d at 721.
26     Accordingly, IT IS HEREBY ORDERED that:
27     1. Respondent's Motion for an Order Finding a Waiver of the Attorney-Client Privilege (ECF
28 No. 101) is GRANTED.  Subject to the protective order set forth below, the court declares a waiver of

movant's attorney-client privilege with respect to the claims made in the instant § 2255 motion, as specifically set forth above.

    2. Respondent's Request for Leave to Conduct Discovery Pursuant to 28 U.S.C. § 2255 (ECF No. 101) is GRANTED. Mr. Jimenez may provide respondent with counsel's declaration addressing movant's allegations in the § 2255 motion. If Mr. Jimenez provides the declaration, he shall do so within fourteen days from the date of this order.

    3. If, after reviewing Mr. Jimenez's declaration, respondent believes that it needs additional discovery pursuant to Rules 6(a)-(b) of the Rules Governing Section 2255 Proceedings -- or if Mr. Jimenez does not provide his declaration -- respondent may file an additional request for discovery and proposed discovery requests/notices that comply with Rule 6(b) of the Rules Governing Section 2255 Proceedings. Any such request shall be filed within 45 days from the date of this order.

    4. If respondent does not make a further request for discovery, it shall file its answer to the § 2255 motion within 45 days from the date of this order.

    5. All privileged information and materials provided by Mr. Jimenez to respondent during this federal habeas proceeding may be used only by representatives from the Office of the United States Attorney, and any individuals assisting with the pending § 2255 proceedings, and only for purposes of any federal proceedings incident to litigating the claims presented in the motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 that is now pending before this court.

    6. Movant may preserve the confidentiality of privileged communications with his former defense counsel by choosing to abandon the claims that give rise to the waiver condition. Any such abandonment must be promptly done in writing and filed with this Court.

**Date: 7/1/2013**

                                   **KENDALL J. NEWMAN**
                                   **UNITED STATES MAGISTRATE JUDGE**

/mira0007.dsc